IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17-182 |
| MIGUEL ANGEL BANDA CAVAZOS | : | |

## GOVERNMENT'S GUILTY PLEA MEMORANDUM

### I. INTRODUCTION/BACKGROUND:

The indictment alleges that defendant, Miguel Angel Banda-Cavaos, committed the following offense in the Eastern District of Pennsylvania:

    A.    Count One - Reentry after Deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1).

### II. MAXIMUM PENALTIES

The maximum sentence for a violation of 8 U.S.C. § 1326(a)[1] and (b)(1) is ten years' imprisonment, a three-year period of supervised release, a $250,000 fine, and a $100 special assessment.

Supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 2 years per count of conviction in the case of, as here, a Class C felony. Thus, a violation of

---

[1] While a violation of 8 U.S.C. § 1326(a) results in a maximum sentence of two years, subsection (b)(1) provides for a 10-year maximum sentence when the prior removal was subsequent to a conviction for commission of a felony other than an aggravated felony.

1

supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

### III. STATUTE CHARGED:

#### A. Reentry After Deportation (8 U.S.C. § 1326(a))

Title 8, United States Code, Section 1326 provides the following in pertinent part:

(a) [A]ny alien who –

(1) has been denied admission, excluded, deported, or removed . . . and thereafter

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission . . .

[shall be guilty of an offense].

### IV. ELEMENTS OF THE OFFENSE

To prove a violation of 8 U.S.C. § 1326(a), the government must prove the following essential elements:[2]

1. The defendant is an alien;[3]

2. The defendant was

---

[2] Section 1326 sets forth a general intent crime and the government need only prove that an alien's act of entering the United States was voluntary. Voluntariness and general intent to enter the country can be inferred from the alien's presence in the United States and need not be alleged in the indictment. United States v. San Juan-Cruz, 314 F.3d 384, 390 (9th Cir. 2002); United States v. Berrios-Centeno, 250 F.3d 294, 299-300 (5th Cir. 2001).

[3] The term "alien" means any person not a citizen or national of the United States. 8 U.S.C. § 1101(a)(3).

        a. denied admission,
        b. excluded,
        c. <u>deported</u>,
        d. removed, or
        e. departed the United States while an order of exclusion, deportation, or removal was outstanding; and

3. Defendant thereafter entered, attempted to enter, or was found in the United States; and

4. Defendant did so without having obtained permission from the Attorney General (or his successor, the Secretary of Homeland Defense) to reapply for admission.

See <u>United States v. Flores-Peraza</u>, 58 F.3d 164, 166 (5th Cir. 1996); <u>United States v. Ortiz-Lopez</u>, 24 F.3d 53, 55 (9th Cir. 1994).

## V. **FACTUAL BASIS:**

Should this case have proceeded to trial, the government would have established the following:

The defendant is a native and citizen of Mexico, who has been deported on two occasions prior to the instant offense.

On December 29, 2008, ICE officials encountered the defendant and served him with a Notice to Appear before an Immigration Judge. Thereafter, on January 13, 2009, an Immigration Judge in York, Pennsylvania ordered the defendant deported to Mexico. The defendant was removed afoot from the United States to Mexico via Laredo, Texas on February 23, 2009.

Prior to this removal, immigration officials executed a Form I-205, which is a Warrant of Deportation and Removal. This form contains the defendant's name, signature, photograph, Alien Number and the print from his right index finger. A Form I-205 was signed

3

by the official who fingerprinted the defendant and who witnessed the defendant's removal.

Prior to deportation, the defendant was also served with an I-204 Form, which is a warning to an alien ordered removed or deported. This form is dated January 13, 2009. This form warned the defendant that he was prohibited from: (1) entering; (2) attempting to enter; or (3) being in the United States for a period of ten years following his removal. It also advised the defendant that he was required to request and obtain permission from the Attorney General to reapply for admission to the United States. Finally, the defendant was warned that illegally entering the United States is a crime, pursuant to Title 8, United States Code, Section 1326. The Form I-294 was signed by the officer who served the warrant.

The second time the defendant was found in the United States was after he was arrested by Texas police and charged with possession of marijuana in the amount of fifty pounds or less but more than five pounds. The defendant pled guilty to this charge on May 14, 2012. The defendant was encountered by ICE on February 7, 2012. The defendant was interviewed by ICE agents, during which he admitted that he was a citizen and national of Mexico. The defendant told agents that he entered the United States illegally by wading across the Rio Grande River near Laredo, Texas in March 2009. He also admitted that he had no documents permitting him to legally reside in the United States.

In early September 2012, Mr. Banda-Cavazos was removed afoot from the United States to Mexico via Brownsville, Texas, after agents executed and administered Forms I-205 and I-294.

Pertaining to the instant offense, on November 26, 2016, ICE received notice that the defendant had been arrested. Special Agent Gregory Marino interviewed the defendant

4

during which the defendant admitted that he was a citizen of Mexico. The defendant also admitted that he last entered the United States in 2014 by illegally walking into Texas. The defendant also admitted that he had been removed on the two prior occasions outlined herein. The defendant also admitted that he did not have permission to reenter the United States.

Agent Marino determined that the defendant was a match to his Alien Number and confirmed the two prior deportations. Agent Marino sent the defendant's fingerprint to the FBI lab where it was determined that the print matched the prints from the defendant's two other I-205 forms. Agent Marino also compared the defendant's photographs from the previous I-205 forms and verified that they were the same as the defendant. Finally, Agent Marino confirmed, after research, that the defendant never applied or received permission to apply for readmission to the United States after deportation.

Respectfully Submitted,

LOUIS D. LAPPEN
Acting United States Attorney

ALICIA M. FREIND
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Change of Plea Memorandum was sent, by facsimile and/or first class, postage prepaid mail, to:

Nancy MacEoin, Esq.
Federal Defender's Association
601 Walnut Street, Suite 540 West
Philadelphia, PA 19106
(Counsel for Lopez Hernandez)

ALICIA M. FREIND
Assistant United States Attorney

Dated: May 8, 2017